# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                              No. CR 10-0933 JB

PEDRO MATANCILLAS-REYES,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum, filed August 9, 2010 (Doc. 21). The Court held a sentencing hearing on August 24, 2010. The primary issues are: (i) whether the Court should grant Defendant Pedro Matancillas-Reyes' request for a downward departure based on family ties; (ii) whether Matancillas-Reyes' criminal history is overrepresented; and (iii) whether the Court should vary from the advisory guideline range in fashioning an appropriate sentence for Matancillas-Reyes under 18 U.S.C. § 3553(a). For the reasons stated on the record and for further reasons consistent with those already stated, the Court will deny his requests for downward departures but will grant his request for a variance.

The United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") for Matancillas-Reyes on May 28, 2010. In the PSR, the USPO calculated Matancillas-Reyes' offense level to be 21 and his criminal history category to be I, establishing a guideline imprisonment range of 37 to 46 months. Matancillas-Reyes requests a downward departure pursuant to U.S.S.G. § 5K2.0, based on specific offender characteristics. Specifically, he requests the Court to consider his family ties and responsibilities, pursuant to U.S.S.G. § 5H1.6. He argues that his family, children, and parents live in the United States, and that his mother is ill and

depends on him to help her physically and financially.  See Sentencing Memo. at 10.  He also requests a downward departure, pursuant to U.S.S.G. § 4A1.3 and U.S.S.G. § 5H1.8, based on substantial overrepresentation of his criminal history.  See Sentencing Memo. at 12.

Extraordinary circumstances are required to warrant a departure based on a defendant's family ties.  See U.S.S.G. § 5K2.0(a)(4)("An offender characteristic or other circumstance identified in Chapter 5, Part H (Offender Characteristics) or elsewhere in the guidelines as not ordinarily relevant in determining whether a departure is warranted may be relevant to this determination only if such offender characteristic or other circumstance is present to an exceptional degree.").  The United States Court of Appeals for the Tenth Circuit has determined that "family responsibilities are a discouraged factor which the district court should consider only in the most extraordinary cases."  United States v. Ramirez-Jimenez, 193 Fed. Appx. 811, 816 (10th Cir. 2006)(citing United States v. McClatchey, 316 F.3d 1122, 1130 (10th Cir. 2003)).   The Court acknowledges that the guidelines authorize departure on those grounds, but does not believe that Matancillas-Reyes' circumstances are extraordinary.  Similarly, while the Court is sympathetic to Matancillas-Reyes' situation, the Court does not believe that his circumstances are sufficiently unique to warrant a downward departure.  Unfortunately, many defendants have similar family ties and return illegally into the United States to help family members, and the Court is unable to distinguish the circumstances in this case from the heartland of cases with similar circumstances.  The Court, therefore, denies Matancillas-Reyes' request for a downward departure based on family ties.  The Court also denies Matancillas-Reyes' request for a downward departure based on an overrepresentation of his criminal history.  Matancillas-Reyes' criminal history category is I, which is the lowest criminal history category.  The Court does not believe a criminal history category of I overrepresents Matancillas-Reyes' criminal history.  Moreover, U.S.S.G. § 4A1.3(b)(2)(A)

provides that "[a] departure below the lower limit of the applicable guideline range for Criminal History Category I is prohibited."

Having denied Matancillas-Reyes' requests for downward departures based on family ties and overrepresentation of criminal history, the Court adopts the USPO's guideline calculations in the PSR as its own.  Pursuant to rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the Court accepts the plea agreement, which stipulates to an offense level of 20, as the Court is satisfied that the agreed offense level departs for justifiable reasons, i.e., the plea agreement is pursuant to the United States Attorney for the District of New Mexico's fast-track program, which the United States Attorney General has approved, and which meets the conditions that Congress has set for such programs.  See PROTECT Act § 401(m)(2)(B), 108 Pub. L. No. 21, 117 Stat. 650, 675; U.S.S.G. § 5K3.1.  An offense level of 20 and a criminal history category of I establishes a guideline imprisonment range of 33 to 41 months.  The Court has carefully considered the guidelines and has considered other sentencing goals.  Specifically, the Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant.  After careful consideration of the factors set forth in 18 U.S.C. § 3553(a), the Court finds that the punishment set forth in the guidelines is not appropriate for this offense.  The Court has considered the kinds of sentences and ranges the guidelines establish, and the Court believes that the advisory guideline sentence is too high in this case.  The Court is concerned about the 16-level enhancement Matancillas-Reyes faces for a twenty-year-old drug-trafficking offense.  The offense is old, and it does not appear that drugs are now a problem for Matancillas-Reyes, as they may have been when he was twenty-three years old.  The Court thinks that a sentence that is more in the nature of a 12-level enhancement, rather than the 16-level enhancement, more appropriately reflects the seriousness of the conviction.  A sentence more consistent with an offense level of 16 and a criminal

history category of I establishes a guideline imprisonment range of 21 to 27 months, and the Court believes that a sentence of 21 months is appropriate.  The sentence reflects the seriousness of Matancillas-Reyes' offense, promotes respect for the law, and provides a just punishment.  It is long enough to provide adequate deterrence.  The sentence also protects the public and otherwise fully and effectively reflects each of the factors set forth in 18 U.S.C. § 3553(a).  While the Court's task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court's job is not to impose a reasonable sentence.  Rather, a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation omitted) -- this sentence is more reasonable than one within the guideline range.  Finally, the Court believes a sentence of 21 months is sufficient without being greater than necessary to comply with the purposes of punishment set forth in the Sentencing Reform Act.

     **IT IS ORDERED** that Defendant Pedro Matancillas-Reyes' requests in his Sentencing Memorandum are granted in part and denied in part.  Matancillas-Reyes'  requests for downward departures are denied, and his request for a variance is granted.  The Court sentences Matancillas-Reyes to a term of 21 months in the custody of the Bureau of Prisons.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Kenneth J. Gonzales
  United States Attorney
Lynn Wei-Yu Wang
  Assistant United States Attorney
Albuquerque, New Mexico

        *Attorneys for the Plaintiff*

P. Jeffery Jones
Santa Fe,  New Mexico

        *Attorney for the Defendant*